[Cite as *State v. Stanford*, 2015-Ohio-4076.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102368**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## QUESHONDA STANFORD

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587506-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., McCormack, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEY FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road, Suite 405
Rocky River, OH 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Janna R. Steinruck
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Queshonda Stanford was found guilty by a jury of theft and receiving stolen property. On appeal, Stanford assigns as error the admission into evidence of hearsay testimony concerning the value of a stolen watch, and raises issues regarding the sufficiency and weight of the evidence. Finding no merit to the appeal, we affirm.

{¶2} In July 2014, Stanford was charged by information with one count of theft in violation of R.C. 2913.02(A)(1), and one count of receiving stolen property in violation of R.C. 2913.51. The charges specified that the stolen items had a value between $1,000 and $7,500, making both charges fifth-degree felonies.

{¶3} At trial, the victim testified that she had hired Stanford to provide cleaning services in her home on a regular basis. Stanford was the only person outside of the victim's family who had access to the victim's bedroom. On November 19, 2013, the victim could not locate a watch, bracelet, wedding band, and two rings that she kept in a dresser drawer. After failing to locate her jewelry, the victim and her husband confronted Stanford and accused her of taking the items.

{¶4} The couple audio recorded the encounter on their cell phone and it was played for the jury. In the recording, Stanford admits that she stole jewelry from the house and sold it on the street for $200 and that she owes the victim $3,000, the estimated cost of the stolen jewelry. Although Stanford does not disclose in the recording which

item or items of jewelry were stolen,[1] the victim testified that Stanford admitted she stole the bracelet, but not the watch or rings.

{¶5} The watch was later recovered by the victim from a local pawnshop, where the victim had to pay $200 for its return. The victim was unable to recover the bracelet and rings.

{¶6} The stolen watch was a diamond and gold Geneva quartz watch that had been purchased for the victim by her in-laws. At trial, the court entered into evidence, over objection, a copy of an appraisal of the watch that the jewelry store issued at the time of purchase. The appraisal states that the watch is worth $2,000. The victim indicated in her testimony that she obtained the copy of the appraisal from her in-laws for the purpose of trial. Nobody from the jewelry store, or otherwise, testified to the appraisal's contents or how the document was made or kept in the course of business.

{¶7} A jewelry manufacturer testified at trial to the value of the bracelet and three rings. The manufacturer testified that she was able to give an approximate appraisal of the items by looking at pictures of the diamond bracelet and by comparing similar rings and showing them to the victim. The manufacturer appraised the bracelet at a value of at least $2,500 and the gold wedding band at $250. The other small gold rings were appraised at $150 each.

{¶8} The owner of the pawnshop where the watch was recovered also testified at trial. He testified that his store purchased a Geneva gold watch from Stanford for $200.

---

[1] Parts of the recording are inaudible.

In conjunction with the owner's testimony, the state introduced as an exhibit the bill of sale. The bill of sale states the seller's name as Queshonda Stanford, her address, driver's license number, date of birth, and the date she sold the watch to the shop (November 7, 2013). The bill of sale also contained a description of the gold watch as a 14-carat-gold Geneva watch with the ticket number 9938393. The document also contains Stanford's signature as the seller.

{¶9} Along with the bill of sale, the state also introduced the victim's sales receipt for the repurchase of the watch. The receipt indicates that the victim repurchased the stolen watch from the pawnshop for $200.[2] The owner of the pawnshop also testified that he would have likely scrapped the watch for its gold value if the victim had not bought it back. He then estimated that the value of the melted down gold would have been $700 in the present market. He also testified that in the event of a resale, the shop would have tried to get about $1,000 for the watch.

{¶10} The jury found Stanford guilty on all charges. At sentencing, the court merged the offenses and the state elected to proceed to sentencing on the theft charge. The court sentenced Stanford to one year of community control supervision, 20 hours of court community service, and ordered her to pay $3,050 in restitution to the victim.

---

[2] The pawnshop has a policy that stolen pawned goods may be repurchased for the same price that the pawnshop bought the item(s).

{¶11} In her first assignment of error, Stanford contends that the trial court committed prejudicial error when it admitted, over objection, exhibit No. 5, the jewelry store appraisal of the watch.

{¶12} Stanford argues that the appraisal is hearsay that does not fall under a hearsay exception because it was not properly authenticated as a business record. She contends that introduction of the appraisal prejudiced her at trial because the $2,000 appraisal amount served as evidence that the stolen watch was worth between $1,000 — $7,500, making both charges fifth-degree felonies rather than misdemeanors. Stanford submits that it was possible that the jury might have only found her guilty of stealing the watch and not the bracelet and rings: in which case, without the appraisal, there was insufficient evidence that the watch's value met the $1,000 threshold for a fifth-degree felony.

{¶13} Trial courts have broad discretion in deciding the admissibility of evidence. An appellate court must not overturn a trial court's decision on admissibility unless the court has clearly abused its discretion and the defendant has been materially prejudiced. *State v. Issa*, 93 Ohio St.3d 49, 64, 752 N.E.2d 904 (2001), *cert. denied*, 535 U.S. 974, 122 S.Ct. 1445, 152 L.Ed.2d 387 (2002). An abuse of discretion connotes more than an error of law or judgment: it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶14} Under Ohio Evid.R. 801, out-of-court statements, either oral or written, offered in court for the truth of the matter asserted, are considered hearsay evidence.

Hearsay is inadmissible unless the evidence falls under a specific exception to the hearsay rule. Evid.R. 802. The purpose of the rule is to keep untrustworthy evidence, particularly evidence that is not subject to cross-examination, from being considered by the trier of fact. *Peppers v. Ohio Dept. of Rehab. & Corr.*, 50 Ohio App.3d 87, 89, 553 N.E.2d 1093 (10th Dist.1988).

{¶15} Relevant to this case, an exception to the hearsay rule is the business record exception. In order to qualify as a business record, four essential elements are required: 1) the record must be one regularly recorded in a regularly conducted business activity; 2) it must have been made by a person with knowledge of the transaction; 3) it must have been recorded at or near the time of the transaction; and 4) a foundation must be laid by the custodian of the record or by some other qualified witness who has knowledge of elements (1)–(3). Evid.R. 803(6).

{¶16} In this case, we agree that the appraisal was hearsay. The appraisal was an out-of court-statement that the watch had a value of $2,000 and it was offered in court for the truth of the matter asserted. *Accord Fetzer v. Fetzer*, 9th Dist. Wayne No. 12CA0036, 2014-Ohio-747, ¶ 9. And as Stanford correctly points out, the appraisal was never properly authenticated as a business record.

{¶17} As previously noted, the business record exception requires that either a custodian or another qualified witness testify that the record was made at or near in time to the transaction by a person with knowledge of the transaction, that the record is one that is kept in the course of a regularly conducted business activity, and that it is the

regular practice of the business to make such a record. Evid.R. 803(6). At trial, the only person testifying to the authenticity of the appraisal was the victim. The victim was neither the custodian of the record nor a qualified witness who could testify to the elements of the business record. *State v. Hood*, 135 Ohio St.3d 137, 2012-Ohio-6208, 984 N.E.2d 1057, ¶ 40 (explaining that a "'qualified witness' is someone with enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business"). The victim lacked knowledge of how the record was made or maintained because she did not work for the business that issued the appraisal. Furthermore, the victim indicated on the witness stand that she obtained the appraisal from her in-laws for the purpose of trial. Therefore, the only knowledge the victim had concerning the appraisal was that provided to her by a third party who also did not have knowledge of how the record was made or maintained in the ordinary course of business.

{¶18} The state argued at trial, and reasserts on appeal, that the appraisal was a "self-authenticating" document and was therefore admissible. On this point the state directs us to Evid.R. 902, which states that trade "inscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin," are self authenticating. Thus, the state seems to suggest that the appraisal is somehow akin to a trade inscription or insignia.

{¶19} Even if we were to accept this argument, authentication under Evid.R. 902 would not remove the hearsay nature of the document. Such evidence is only admissible

if it falls within an exception to the hearsay rule. Because there was no hearsay exception in this case, the court erred by allowing the appraisal into evidence.

{¶20} Nevertheless, we agree with the state that under the circumstances, the introduction of the appraisal was harmless error. Crim.R. 52 instructs courts to disregard instances of harmless error which the rule defines as "any error, defect, irregularity or variance that does not affect substantial rights." The standard for determining nonconstitutional harmless error is whether there was substantial other evidence to support the verdict.[3] *State v. Webb*, 70 Ohio St.3d 325, 335, 638 N.E.2d 1023 (1994).

{¶21} To begin, we find it unlikely that the jury would have found Stanford guilty of stealing the watch only and not the other items of jewelry.[4] The state presented substantial evidence that Stanford was the only person in the position to steal the jewelry because she was the only person who had access to the victim's bedroom other than family members. The victim testified that when confronted about the missing items, Stanford admitted to taking the bracelet and selling it for $200. The jewelry manufacturer then appraised the bracelet at $2,500. She also appraised the wedding

---

[3] We are evaluating the error under the harmless error standard for non-constitutional violations rather than the "harmless error beyond a reasonable doubt" standard for constitutional violations (heightened standard) because the court's error contravened a rule of law rather than a specific constitutional right, and Stanford explicitly concedes in her brief on appeal that introduction of the appraisal was not a violation of her Sixth Amendment right to confront witnesses.

[4] We note that defense counsel never asked the trial court to include interrogatories in the jury instructions; therefore, we do not know which items of jewelry the jury determined were stolen. We only know that the jury found Stanford guilty of stealing jewelry valued between $1,000 and $7,500.

band at $250 and smaller gold bands at $150 each. Moreover, the cell phone audio recording in which Stanford admits to taking certain jewelry undermines the defense theory that Stanford stole only the watch. Therefore we find there was substantial evidence that Stanford stole all of the items of jewelry and that the total value of the stolen jewelry was well over the $1,000 threshold for a felony-five theft offense.

{¶22} However, even if the jury had found Stanford guilty of stealing the watch only, we find that the state introduced substantial evidence that the watch's value was at least $1,000. First, the victim testified that the watch was purchased for $2,000 eight years earlier. Second, the owner of the pawnshop testified that if he had sold the watch, he would have sold it in the $1,000 range. Thus, there was substantial evidence, other than the appraisal, for the jury to conclude that Stanford stole jewelry that was worth anywhere from $1,000 to $7,500.

{¶23} Stanford next contends that there was insufficient evidence to support findings of guilt. We disagree.

{¶24} Sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The ultimate question is whether the state met the burden of presenting legally adequate evidence on each element of the charges for which Stanford was convicted. *Id*.

{¶25} Theft under R.C. 2913.02(A)(1), provides:

(A)   No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

R.C. 2913.02 further provides at section (B)(2),

If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars * * * a violation of this section is theft, a felony of the fifth degree.

**{¶26}** The jury also found Stanford guilty of the crime of receiving stolen property,

in violation of R.C. 2913.51(A). This section states:

No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

R.C. 2913.51(C) states:

If the value of the property involved is one thousand dollars or more and is

less than seven thousand five hundred dollars,* * * receiving stolen

property is a felony of the fifth degree.

**{¶27}** Stanford raises two arguments that challenge the sufficiency of the evidence

in this case. The first argument is that the state failed to produce evidence that she stole

the victim's rings. The second asserts a position similar to the first assigned error: that

the state did not present sufficient evidence that the value of the stolen items exceeded

$1,000.

**{¶28}** The state presented sufficient evidence regarding the theft of the rings.

The victim testified that she could not locate three of her rings, one being her wedding

band, and that Stanford had access to her bedroom where the rings were kept. The

victim's testimony, together with the other evidence that Stanford stole the watch,

provides circumstantial evidence for the jury to reasonably conclude that Stanford also stole the rings. More importantly, the jury did not need to conclude that Stanford stole the rings, it only had to determine whether Stanford stole jewelry with a value between $1,000 and $7,500.

{¶29} We likewise disagree that the state failed to present sufficient evidence that the value of the stolen jewelry was between $1,000 and $7,500. As stated above, the state established through a series of testimony, that the watch was at least worth $1,000 and the rings and bracelet also met this threshold amount.

{¶30} Lastly, Stanford contends that her conviction is against the manifest weight of the evidence. On this point, Stanford again argues that no evidence was ever introduced that she stole and sold the victim's rings, and that she never admitted to stealing the bracelet but only stated she stole and sold jewelry for $200 on the street. Stanford also questions the credibility and accuracy of the jewelry manufacturer's appraisal of the bracelet and rings because they were done based on photographs of the items rather than an inspection of the actual jewelry in question.

{¶31} When reviewing a judgment on the grounds that the verdict was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror." *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541. In this position, the court reviews the record, weighs the evidence and credibility of the witnesses, and ultimately determines whether the jury "clearly lost its way" and "created such a manifest miscarriage of justice that a conviction must be reversed and a new trial ordered." *Id.*

**{¶32}** Here we cannot conclude that the jury clearly lost its way in finding Stanford guilty. The offenses contained in the information charged that Stanford stole and disposed of the victim's "jewelry." The jury was asked to determine whether Stanford stole jewelry and, if so, whether the stolen jewelry had a value between $1,000 and $7,500. The bill of sale from the pawnshop establishes that Stanford sold the stolen watch for money. The victim testified that Stanford told her she had stolen the bracelet as well. And the victim testified that she did not give Stanford permission to take any of these items.

**{¶33}** We further find the jewelry manufacturer's appraisals credible. The witness adequately described her qualifications as an appraiser and explained the process in which she appraised the items. She also explained that she appraised the items on the lower end of what she would expect them to be worth because she was unable to examine them in person. The defense did not call an independent appraiser to contest the witness's conclusions and the cross-examination of the witness fails to convince us that the manufacturer's appraisals were suspect. Therefore, we conclude that the jury did not lose its way in finding Stanford guilty of theft and receiving stolen property within the range of $1,000 to $7,500.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR